**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRANCE WALTER,** | ) | **Case No. 1:10 CV 171** |
| | ) | |
| Petitioner, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **WARDEN KELLY,** | ) | |
| | ) | |
| Respondent. | ) | |

On January 25, 2010, Petitioner Terrance Walter (aka Terrance Ward) filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. #: 1.) Walter challenges the constitutionality of his convictions, by a jury, of the aggravated murder of Samuel Sims, Jr. ("Sims"), and the felonious assault of Sims' then-nine year old son.[1] The trial court sentenced Walter to life imprisonment without the possibility of parole for 20 years on the aggravated murder charge plus six years for a firearm specification, and a consecutive prison term of eight years for the felonious assault charge for a total of 34 years.

On August 21, 2009, Walter sought, and the trial court granted, leave of court to file a motion for a new trial. Attached to his motion and supplemented motion are affidavits of his co-defendant, Antonio Campbell, who was the primary witness in Walter's trial. In the affidavits, Campbell (1) admits he was the actual shooter of Sims, contrary to his trial testimony, (2) states

---

[1] Walter's convictions for two aggravated burglary counts were reversed on appeal due to lack of evidence, and subsequently vacated by the trial court.

that he was coerced by law enforcement officers (primarily Detective Michael Smith) and prosecutors (Schneider and Sheehan) into testifying against Walter to avoid a life sentence himself, and (3) states that the motive for this coercion was out of respect for Campbell's grandfather, James Campbell, a retired partner of Detective Smith, and who attended one of his plea bargaining sessions. In opposition to Walter's motion, the State filed a brief arguing that Campbell can barely read or write, that he signed the affidavit because Walter said it would help Walter get out of jail, and Campbell had no idea that what he signed implicated himself in Sims' murder. The trial court denied Walter's motion for a new trial after an evidentiary hearing on November 17, 2010. Walter appealed this ruling on December 7, 2010, which appeal is presently pending.

On January 21, 2010, Walter filed the pending § 2254 petition against Respondent Warden Kelly alleging five grounds for relief. In the fifth ground for relief, Walter alleges that the evidence was insufficient to support the felonious assault conviction. In his supporting facts, Walter states that he could not have caused harm to Sims' son for two reasons, one of which is that Walter "is not the person of interest." While Walter raised a sufficiency of evidence claim on direct appeal with regard to the felonious assault charge, he did not argue, as he does in his motion for new trial and in his petition, that he was not the perpetrator.

On June 14, 2010, Respondent filed a motion to dismiss asking the Court to dismiss the petition without prejudice for failure to exhaust this ground for relief in the state courts. (Doc #: 7.) Respondent argues that, since the issue raised in Walter's motion (and now appeal) "goes to the very essence of his criminal case, it could result in a completely new trial, thereby mooting petitioner's habeas claims." (Id. at 15.) Respondent urges the Court to dismiss the

petition rather than stay it because Walter has plenty of time following exhaustion of this claim to seek federal habeas corpus relief.[2] (Id.) Respondent argues that a stay of the exhausted claims is not warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), because Walter has shown good cause for the failure to exhaust this particular claim sooner. (See id. at 15.)

Magistrate Judge Vecchiarelli has filed a Report and Recommendation ("R&R"). (Doc #: 11). The Magistrate Judge recommends that the Court deny Respondent's motion to dismiss because Walter is essentially arguing that he was denied due process due to his innocence. (Id. at 13.) And, while innocence may be cause to excuse a procedurally defaulted claim, it is not a ground for habeas relief. (Id. at 13-14.) Because the due process claim is not cognizable, the Magistrate Judge recommends that the Court strike the due process claim, deny Respondent's motion to dismiss, and order Respondent to show cause, within 30 days of the issuance of the Court's order, why Walter's § 2254 petition should not be granted. (Id. at 15.)

Although neither party has filed objections, the Court has decided to grant Respondent's motion to dismiss. The Court agrees with Respondent that the motion should be granted because Walter has not exhausted his state court remedies and, if he succeeds on his appeal, his habeas claims may well become moot. Furthermore, Walter has plenty of time following the state

---

[2]According to Respondent,

> The statute of limitations, 28 U.S.C. § 2244(d)(1) should not pose a problem for Walter as long as he promptly returns to this court with a new petition after exhausting his claim. the statute of limitations began to run on April 1, 2009 – 90 days after completion of direct review. See Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000). It ran for approximately five months until it was tolled, at the soonest, on August 21, 2009. See 28 U.S.C. § 2244(d)(2). He thus has over seven months remaining to seek habeas corpus relief. He has sufficient time to fully exhaust his claim in state court and return to this court.

(Doc #: 7, at 15.)

court's resolution of the unexhausted claim to file a timely § 2254 petition. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (**Doc #: 7**) and dismisses the petition without prejudice.

Because Respondent's motion for an extension of time to respond to the petition (**Doc #: 6**) and Walter's motion to set aside the deadline for responding to the motion to dismiss (**Doc #: 8**) are no longer relevant, they are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                  */s/ Dan A. Polster    May 2, 2011*
                                                  **Dan Aaron Polster**
                                                  **United States District Judge**